1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    TATYANA EVGENIEVNA                    Case No. 22-cv-04995-SK
     DREVALEVA,
8              Plaintiff,                  **ORDER TO SHOW CAUSE**
9
        v.
10
     DENIS RICHARD MCDONOUGH, et al.,
11
               Defendants.
12
              On June 25, 2018, Plaintiff first filed her complaint of employment discrimination in this
13
     District related to her employment as a medical instrument technician at the Raymond G. Murphy
14
     Veterans Affairs Medical Center in Albuquerque, New Mexico starting in April 2017.  (*See*
15
     *Drevaleva v. U.S. Dept. of Veteran Affairs, et al.*, Case No. 18-cv-3748 ("*Drevaleva* I").)
16
     Approximately six weeks after starting, Plaintiff requested a leave without pay for a month and a
17
     half to travel to Russia to undergo in-vitro fertilization.  Plaintiff left for Russia on May 18, 2017,
18
     and was terminated on July 3, 2017.  (*Drevaleva* I, Dkt. No. 69; *see also* Dkt. No. 1.)  Plaintiff
19
     was advised she had been terminated for taking a leave without permission.  (*Id.*)  On August 12,
20
     2021, *Drevaleva* I was transferred to the District of New Mexico.  (*Drevaleva* I, Dkt. No. 451.)
21
     On November 21, 2021, the court in the District of New Mexico dismissed Plaintiff's case with
22
     prejudice and entered judgment.  (*Drevaleva* I, Dkt. Nos. 526, 527.)  The Tenth Circuit affirmed.
23
     (*Drevaleva* I, Dkt. No. 577.)
24
              On March 20, 2019, Plaintiff filed another Complaint in this District related to her alleged
25
     employment discrimination from the Veterans Affairs Medical Center in Albuquerque.  She
26
     sought to compel disclosure of the EEO investigation.  (*Drevaleva v. United States, et al.*, Case.
27
     No. 19-cv-1454 ("*Drevaleva* II").)  The Court dismissed *Drevaleva* II on September 20, 2019,
28

United States District Court
Northern District of California

United States District Court
Northern District of California

which the Ninth Circuit affirmed on November 18, 2020.  (*Drevaleva* II, Dkt. No. 35, 60.)

On May 16, 2019, Plaintiff filed another Complaint in this District alleging employment discrimination from the Veterans Affairs Medical Center in Albuquerque.  (*Drevaleva v. U.S. Dept. of Veteran Affairs, et al.*, Case No. 19-cv-2665 ("*Drevaleva* III").)  The Court granted Defendants' motion to dismiss with prejudice.  (*Drevaleva* III, Dkt. 38.)  Plaintiff appealed but the Ninth Circuit dismissed her appeal as frivolous.  (*Drevaleva* III, Dkt. No. 80.)

Plaintiff also appealed her dismissal to the Merit Systems Protection Board and petitioned the Federal Circuit Court of Appeals.  The Federal Circuit transferred her employment discrimination claims to this District on September 11, 2019.  (*Drevaleva v. U.S. Dept. of Veteran Affairs*, Case No. 19-cv-5927 ("*Drevaleva* IV").)  The Court dismissed Plaintiff case based on *res judicata* and entered judgment.  (*Drevaleva* IV, Dkt. Nos. 34, 35.)  Again, Plaintiff appealed, and, again, the Ninth Circuit dismissed her appeal as frivolous.  (*Drevaleva* IV, Dkt. No. 60.)

Plaintiff then filed another complaint on February 3, 2020, bringing claims under the Federal Tort Claims Act and the Family Medical Leave Act.  (*Drevaleva v. U.S. Dept. of Veteran Affairs, et al.*, Case No. 20-cv-0820 ("*Drevaleva* V").)  The Court dismissed her complaint as frivolous and duplicative.  (*Drevaleva* V, Dkt. No. 10.)  Again, Plaintiff appealed, and, again, the Ninth Circuit dismissed her appeal as frivolous.  (*Drevaleva* V, Dkt. No. 37.)

On January 14, 2021, Plaintiff filed yet another complaint in this District.  (*Drevaleva v. Glazer, et al.*, Case No. 21-cv-0500 ("*Drevaleva* VI").)  The Court dismissed Plaintiff case based on *res judicata* and entered judgment.  (*Drevaleva* VI, Dkt. Nos. 90, 112.)  On October 26, 2022, the Court declared Plaintiff a vexatious litigant.  (*Drevaleva* VI, Dkt. No. 121.)

On January 26, 2021, Plaintiff filed even another complaint in this District.  (*Drevaleva v. Hayo, et al.*, Case No. 21-cv-0684 ("*Drevaleva* VII").  The Court dismissed Plaintiff case based on *res judicata* and entered judgment.  (*Drevaleva* VII, Dkt. No. 76.)

On August 29, 2022, Plaintiff filed her complaint in the above captioned matter, calling it her "Fourth Amended Complaint."  (Dkt. No.)  Plaintiff alleges the same allegations from her previous complaints.  The Court HEREBY ORDERS Plaintiff to show cause why her claims are not barred by *res judicata*.

Under the doctrine of res judicata, also known as claim preclusion, a party cannot relitigate a claim that was previously decided. The Ninth Circuit has described the scope of that doctrine as follows:

> Res judicata applies when "the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002).

> Whether the two suits involve the same claim or cause of action requires us to look at four criteria, which we do not apply mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003).

> We use a transaction test to determine whether the two suits share a common nucleus of operative fact. *Int'l Union v. Karr*, 994 F.2d 1426, 1429–30 (9th Cir. 1993). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) Judgments § 24(2) (1982)). . . .

> . . . We have often held the common nucleus criterion to be outcome determinative under the first res judicata element. *E.g., Int'l Union,* 994 F.2d at 1429–30 (holding criterion to be outcome determinative and listing cases using the same nucleus of operative fact as the exclusive factor to bar a second claim under res judicata).

*Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987-88 (9th Cir. 2005) (first ellipsis in original).  Plaintiff shall file her response in writing by no later than January 20, 2023.  Plaintiff is admonished that if she does not respond to this OSC by January 20, 2023 or if she does not make a showing as to why this case should not be dismissed based on *res judicata*, the Court will reassign this case to a district judge with a report and recommendation to dismiss this case.

**IT IS SO ORDERED**.

Dated: December 19, 2022

_____
SALLIE KIM
United States Magistrate Judge